IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CLINTON BLAYDE, JR.,**

      **Plaintiff,**

v.                                                                                  **No. 2:08-cv-02798-BBD-cgc**

**HARRAH'S TUNICA CORPORATION,**
**HARRAH'S ENTERTAINMENT, INC.,**
**GRAND CASINOS, INC.,**
**HARRAH'S OPERATING COMPANY, INC.,**
**and BL DEVELOPMENT CORPORATION,**

      **Defendants.**

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Docket Entry "D.E." #115) pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626(b) and 216(b). Plaintiff seeks $98,506.25 for 386.75 hours of attorneys' fees and costs. Defendant acknowledges that the Court may award reasonable attorneys' fees to the prevailing party in an ADEA action, that Plaintiff is a prevailing party, and that the hourly rates of Plaintiff's attorneys are reasonable. However, Defendants contend that the number of hours Plaintiff asserts that they expended are unreasonable. The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton. For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Costs be GRANTED IN PART AND DENIED IN PART.

1

## I. Introduction

On November 19, 2008, Plaintiff filed his Complaint alleging violations of ADEA, 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* The Court held a non-jury trial on September 27 and 28, 2010. On December 17, 2010, the Court entered a Memorandum Opinion and Order ("Memorandum Opinion") entering judgment for Plaintiff and declaring Plaintiff a prevailing party pursuant to ADEA. The Court permitted Plaintiff to file a motion for attorneys' fees and costs supported by proper documentation within fifteen days of the entry of the Memorandum Opinion. The Court further permitted Defendants fifteen days from the filing of any such motion to respond. Plaintiff timely filed this Motion for Attorney's Fees and Costs on December 30, 2010. In his Motion, Plaintiff seeks $60,706.25 in fees for Attorney Paul Forrest Craig ("Craig") for 220.75 hours at $275.00 per hour, $23,100.00 in fees for Attorney Robert Chamoun ("Chamoun") for 84.00 hours at $275.00 per hour, and $14,350.00 for Attorney Daniel Lofton ("Lofton") for 82.00 hours at $175.00 per hour. Plaintiffs further seek reimbursement for the civil filing fee in the amount of $350.00. In sum, Plaintiff's request $98,506.25 in attorneys' fees and costs.

Defendants timely responded to Plaintiff's Motion on January 14, 2011. Defendants solely contend that the number of hours expended by Plaintiff's counsel are unreasonable. Specifically, Defendants claim (1) that the hours spent by attorneys on administrative or clerical tasks must be excluded, (2) that excessive, redundant, or otherwise unnecessary time entries must be excluded, (3) that unreasonably duplicative entries for work done by collaboration of multiple attorneys must be excluded, and (4) that time relating to Plaintiff's unsuccessful efforts should be excluded.

**II. Analysis**

Once a party has been determined to be a prevailing party, the court must use its discretion to determine whether a fee award is appropriate, and, if so, in what amount. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789-90 (1989). The burden rests upon the fee applicant to establish the entitlement to an award and to document the hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The Court should engage in the following analysis to determine a reasonable award:

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . and rate . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in "similar cases."

Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005) (citations omitted). However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Isabel, 404 F.3d at 416 (citations and internal quotations omitted).

*A. Time Spent on Administrative or Clerical Tasks*

First, Defendants assert that it is unreasonable for the Court to award attorney's fees for time spent by lawyers on administrative or clerical tasks. Defendants rely upon Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989), for the proposition that such time spent must be excluded from the

3

lodestar calculation. However, Jenkins does not require that the time is necessarily excluded but instead recognizes that paralegals and other non-attorney staff are capable of carrying out many tasks and that attorneys that perform non-legal work may be awarded a "lesser rate" because the value of the service "is not enhanced just because a lawyer does it." Id. (quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)). Other courts in ADEA cases have awarded associate rates, paralegal rates, or "blended rates" when senior attorneys have performed tasks that could be performed by junior attorneys, paralegals, or clerical staff. See Becker v. ARCO Chemical Co., 15 F. Supp. 2d 621, 633 (E.D. Pa. 1998).

In the instant case, Defendants argue that Craig, one of the two senior attorneys on Plaintiff's case, requests six hours at $275.00 per hour for filing the Complaint, having the summons issued and service of process effected, and for filing other motions, responses, and documents. The Court finds that these tasks could have been adequately performed by clerical staff. As Plaintiff have not proposed a reasonable rate for clerical staff, the Court RECOMMENDS that $75.00 is a reasonable rate based upon the rates of the billing attorneys. Accordingly, the Court RECOMMENDS that Plaintiff be awarded $450.00 for the six hours of clerical work on November 19, 2008, March 19, 2009, May 13, 2009, July 1, 2009, August 3, 2009, and October 16, 2009.[1]

### B. *Excessive or Redundant Time Entries*

Next, Defendants contend that hours that are excessive, redundant, or otherwise unnecessary are not reasonable expended and must be excluded from the lodestar. See Hensley, 461 U.S. at 434. Specifically, Defendants contend (1) that it is excessive to have Craig and Charmoun jointly review

---

[1] Plaintiff's proposed award for Craig's work on these dates is $1650.00 for six hours at $275.00 per hour. The Court will award of $450.00 for six hours of clerical work at $75.00 per hour, which requires Plaintiff's proposed total fee award to be reduced by $1200.00.

their Rule 26(a) disclosures for an hour when the disclosures identified only one witness, (2) that it is redundant and unreasonable for Craig to spend four hours following up on "research previously done for response to motion for summary judgment," and (3) that it is excessive to attribute three hours to the preparation and review of a subpoena duces tecum.  Upon review, the Court finds that these seven hours are not so excessive as to be deemed unreasonable.  Thus, the Court will award Defendants' these attorneys' fees as proposed.

### C.  Duplicative Time Entries

Next, Defendants contend that duplicative time entries must not be considered in the lodestar calculation.  Specifically, Defendants argue that two or more of Plaintiff's attorneys jointly performed thirty-eight tasks from the initial stages of the case to the post-trial phase.  These joint tasks comprise 72.75 hours of collaborative work between at least two attorneys for which all participating attorneys have submitted individual billing.  A majority of the joint work occurred between Craig and Charmoun, the senior attorneys.  These collaborations include initial meetings with the client and witnesses, drafting and reviewing documents filed in the case, identifying areas of discovery, developing and modifying litigation strategy, preparing for hearings, researching legal requirements, attending hearings, preparing for trial with client and witnesses, and reviewing and finalizing post-trial findings of fact.  Defendants rely upon Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), which states that it is "often difficult to assess the need" for multiple attorneys and that excessive hours should not be awarded.

While the Court acknowledges that collaboration between Plaintiff's counsel may be necessary, the Court finds that collaboration of two senior attorneys was not necessary on certain tasks and could have been accomplished by the collaboration of at most a senior and junior attorney.

Thus, the Court finds that the duplicative entries spent by both Craig and Charmoun on the following dates will be awarded for one attorney at his full rate of $275 per hour and for the second attorney at the associate rate of $175 per hour: April 13, 2009; May 12, 2009; June 9, 2009; June 23, 2009; July 8, 2009; August 23, 2009; September 5, 2009[2]; September 16, 2009; November 6, 2009; November 16, 2009; November 20, 2009; March 8, 2010; April 6, 2010; April 29, 2010; June 1, 2010; June 16 2010 (both entries); July 13, 2010; July 14, 2010 (both entries); July 28, 2010; August 28, 2010; September 17, 2010 (both entries).[3]

### D. Hours for Unsuccessful Attempts to Obtain Default Judgment

Finally, Defendants assert that it is unreasonable to award attorneys' fees for hours expended on efforts that were not successful. Specifically, Defendants raise two issues with respect to Plaintiff's unsuccessful pursuits: (1) that Plaintiff should not be awarded any fees for their efforts to obtain default judgments against two Defendants because the Court set aside these default judgments for Plaintiff's failure to effect proper service upon these Defendants; and, (2) that Plaintiff should not be awarded fees for drafting and reviewing a subpoena duces tecum that was ultimately quashed.

Defendants contend that the exclusion of the hours for such unsuccessful pursuits is required by Hensley. See 461 U.S. at 434-45. However, Hensley distinguishes the reasonableness of

---

[2] The billing for September 5, 2009 was challenged by Defendants as excessive and duplicative. Although the Court did not find that it is excessive, the Court does find it to be duplicative and will award the fees accordingly.

[3] Plaintiff's proposed fees for Craig and Charmoun's duplicative work on these dates is $18,837.50 for 68.5 hours at the rate of $275.00 per hour. The Court will award 34.25 hours at the rate of $275.00 per hour and 34.25 hours at the rate of $175.00 per hour, which requires Plaintiff's proposed total fee award to be reduced by $3425.00.

awarding fees for separate and distinct unsuccessful claims in a multi-claim suit with the reasonableness of awarding fees for failure to succeed on certain pursuits in the litigation of the same claim on which the Plaintiff ultimately prevails.  Id.  This case presents the latter situation, where although Plaintiff did not succeed on his effort to obtain default judgment and the subpoena duces tecum was quashed, they did ultimately prevail on the ADEA claim.

In such cases, Henley advises that the "attorney should recover a fully compensatory fee" that normally "will encompass all hours reasonable expended on the litigation."  Id.   Henley requires that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."  Id. at 435 (citations omitted).  Further, the Henley court advised that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  Id.  Therefore, Plaintiff's request for attorneys fees pertaining to the default judgment and subpoena duces tecum will be awarded and will not be reduced or eliminated as proposed by Defendants.

### III.  Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that Plaintiff's proposed fee award of $98,506.25 be reduced by $1200.00 for clerical entries and be reduced $3425.00 for duplicative work between senior attorneys.  Accordingly, the Court RECOMMENDS that Plaintiff be awarded $93,881.25 in reasonable attorneys' fees and costs.

**IT IS SO ORDERED** this 6th day of June, 2011.

                                    <u>s/ Charmiane G. Claxton</u>
                                    CHARMIANE G. CLAXTON
                                    UNITED STATES MAGISTRATE JUDGE