IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CLINTON BLAYDE, JR.,**

      **Plaintiff,**

v.                                             No. 2:08-cv-02798-BBD-cgc

**HARRAH'S TUNICA CORPORATION,**
**HARRAH'S ENTERTAINMENT, INC.,**
**GRAND CASINOS, INC.,**
**HARRAH'S OPERATING COMPANY, INC.,**
**and BL DEVELOPMENT CORPORATION,**

      **Defendants.**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR POST-JUDGMENT INTEREST AND TO REQUIRE DEFENDANT TO POST A SUPERSEDEAS BOND**

Before the Court is Plaintiff Clinton Blayde's Motion for Post-Judgment Interest and to Require Defendant to Post a Supersedeas Bond. (Docket Entry "D.E." #126). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton. (D.E. #130).

First, Plaintiff requests that Defendant be ordered to post a supersedeas bond in the minimum amount of $295,426.73, which is equal to the total award of compensatory damages ($196,920.48) plus Plaintiff's requested amount of attorneys' fees and costs ($98,506.25).[1] Upon filing the instant motion, Plaintiff's Certificate of Consultation stated that he "did contact and attempt to reconcile

---

[1] At the time the instant motion was filed, Plaintiff had already requested $98,506.25 in attorneys' fees and costs, but that motion was still pending with the Court. (D.E. #115). On June 30, 2011, the District Court adopted the Magistrate Judge's Report and Recommendation and awarded the Plaintiff $93,881.25 in attorneys' fees and costs. (D.E. #132).

1

these matters with counsel for the Defendants and was unable to do so . . . ." (Pl.'s Mot. at 5). Defendants responded that "[t]imely and proper consultation with Defendants' counsel prior to the filing of Plaintiff's motion probably would have precluded its filing, as Defendants had obtained the bond and were in the process of receiving the original bond to be filed with the Court." (Def.'s Resp. at 1). The bond was filed the next day, on March 18, 2011, in the amount requested by Plaintiff. (D.E. #128). Although it is not clear to the Court how the consultation between the parties failed, it is clear to the Court that the issue is now resolved and that the bond in the amount Plaintiff requested has been filed. Accordingly, the Court RECOMMENDS that Plaintiff's Motion to Require Defendant to Post a Supersedeas Bond be found to be MOOT.

Next, Plaintiff requests that the Court award post-judgment interest as statutorily prescribed by 28 U.S.C. § 1961 and Tennessee Code Annotated § 47-14-122. Relying upon <u>Varnadoe v. McGhee</u>, 149 S.W.3d 644 (Tenn. Ct. App. 2009), Plaintiff asserts that trial courts may not ignore the statutory right to pre-judgment interest and that the failure of a trial court's judgment to specify post-judgment interest does not abrogate the obligation imposed by statute. <u>Id.</u> at 649. Defendants respond that the request for post-judgment interest appears to be premature because the underlying Judgment has been appealed to the United States Court of Appeals for the Sixth Circuit and because the Circuit Court's decision will determine the amount, if any, to which the statutorily prescribed post-judgment interest is to be applied. Upon review, the Court finds that while Plaintiff may ultimately be entitled to post-judgment interest as prescribed by the applicable statutes, a request for a court order awarding such post-judgment interest during the pendency of an appeal is inappropriate. Accordingly, the Court RECOMMENDS that Plaintiff's request be DENIED without prejudice.

### III. Conclusion

Accordingly, for the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion to Require Defendant to Post a Supersedeas Bond be found to be MOOT and that Plaintiff's Motion for Post-Judgment Interest be DENIED without prejudice.

**DATED** this 28th day of September, 2011.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**